FILED

01 FEB 23 PM 3:53

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO.

6:04-cv-230-ORL-19JGG

**JOE HOUSTON**

        **Plaintiff,**

vs.

**NARESHWER CORP.**

        **Defendant.**
_____/

## COMPLAINT FOR TEMPORARY AND PERMANENT INJUNCTIVE RELIEF DEMAND

Plaintiff, **JOE HOUSTON,** individually, sues the Defendant(s), **NARESHWER CORP.**, for Injunctive Relief, Attorneys' Fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., ("ADA").

### JURISDICTION AND VENUE

1. This action arises from a violation of Title III of the ADA as more fully set forth herein. This Court has original jurisdiction pursuant to 28 U.S.C.§ 1331 and 28 U.S.C. § 1343.

2. Venue lies in this district as the property which is the subject matter of this claim is located in this judicial district, and the Defendant is doing business in this judicial district.

### STATUTORY BACKGROUND

### INTRODUCTION

3. On July 26, 1990, Congress enacted the Americans With Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., the most important civil rights law for persons with disabilities in our

1

country's history.

4.   The Congressional statutory findings include:

(a) Some 49,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(b) Historically, society has isolated and segregated individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(c) Discrimination against individuals with disabilities persists in such critical areas as employment, housing, **public accommodations**, education, transportation, communications, recreation, institutionalization, health services, voting, and access to public services.

(d) Individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities.

(e) The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society justifiably is famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity. 42 U.S.C. § 12101 (a)(1)-(3), (5) and (9).

5. Congress explicitly stated that the purpose of the ADA was:

(a) To provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(b) To provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(c) To invoke the sweep of Congressional authority, including the power to enforce the Fourteenth Amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities 42 U.S.C. § 12101 (b)(1)(2) and (4).

6. Congress provided commercial businesses 1 ½ years to implement the requirements imposed by the ADA. The effective date for ADA Title III {ADA § 12181 et seq.}, was January 26,1992.

## THE PARTIES AND STANDING

7. Plaintiff, **JOE HOUSTON** is a Florida resident, is sui juris and qualifies as an individual with disabilities as defined by the ADA. The disabilities of the plaintiff are quadriplegic, muscular disorder which substantially limits his major life activity of walking. In February 2004 Plaintiff visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and the services offered to the public at the property.

8. The barriers to access at the property described below have effectively denied or diminished Plaintiff's ability to visit the property and have endangered his safety. Barriers to access involving parking and path of travel at this property have posed a risk of injury to the

3

plaintiff. Every other barrier to access as described in this complaint causes similar risk of injury, embarrassment or discomfort to the Plaintiff.

9. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 16 of this complaint.

10. Plaintiff desires to visit the defendant's property now and in the future not only to avail himself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

11. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.

12. Defendant, owns or leases, or leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Lambert Inn and is located at 410 West Vine Street, Kissimmee, Florida.

## THE INSTANT CLAIM

13. Defendant is required to remove architectural barriers to the physically disabled when such removal is readily achievable for a place of public accommodation that has existed prior to January 26,1992, 28 CFR § 36.304(a). In the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26,1992, then the Defendant is required to ensure, to the maximum extent feasible, that the altered portions of

the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26,1993 as defined in 28 CFR 36.401 then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

14. Appendix A to Part 36- Standards for Accessible Design (28 CFR pt. 36, App. A) sets out guidelines for accessibility for buildings and facilities. These guidelines are to be applied during design, construction and alteration of such buildings and facilities to the extent required by regulations issued by Federal Agencies, including the Department of Justice, under the ADA.

15. Defendant has discriminated against the individual and Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. 12181, et seq., and 28 CFR 36.302, et seq., as described below.

16. Defendant has discriminated and is discriminating against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities as described below by January 26,1992 (or January 26,1993, if defendant has ten or fewer employees and gross receipts of $500,000 or less).

**PARKING**

1. In this parking area, there is insufficient number of spaces designated for disabled use, violating Sections 4.1.2 and 4.6.1 of the ADAAG.

2. The disabled use spaces do not have clear and level access aisles provided, violating Sections 4.1.2 and 4.6.3 of the ADAAG

3. The signs designation the disabled use spaces are not in compliance with Section 4.6.4 of the ADAAG,

4. The accessible parking spaces are improperly dispersed and marked as per US Code 23, Section 109D (striped in white and prominently outlined in blue), and in violation of section 4.6.2 of the ADAAG.

## ENTRANCE ACCESS AND PATH OF TRAVEL

1. There is not a continuous path of travel connecting all essential elements of the facility in violation of Sections 4.3.1 and 4.3.2 of the ADAAG.

2. There is no ramp available for transition from the driving surface to the walkway to the office, violating Sections 4.5.2 and 4.7.1 of the ADAAG.

## ACCESS TO GOODS AND SERVICES

1. There are counters throughout the facility in excess of 36', in violation of Section 7.2(1) of the ADAAG.

## ACCESSIBLE GUEST ROOMS

1. The facility should provide two (2) accessible rooms. There are none, violating Section 9.1.2 of the ADAAG.

2. The rooms designated for disabled use provide elements with controls and/or dispensers outside of the required ranges violating Sections 4.2 and 9 of the ADAAG.

3. The rooms designated for disabled use are not equipped with door hardware for use by the disabled violating Sections 4.13.1 and 9 of the ADAAG.

4. The sinks in the restroom provided in the room designated for disabled use do not meet the requirements prescribed in Section 4.24 of the ADAAG.

5. The grab-bars in the restroom provided in the room designated for disabled use do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG.

6. There is no clear path of travel provided between all elements provided in the room designated for disabled use violating Sections 4.3 and 9 of the ADAAG.

7. The clear floor space provided in the restroom of the room designated for disabled use, violates the provisions of Sections 4.2.1, 4.18.3 and 4.22 of the ADAAG.

17. The discriminatory violations described in Paragraph 16 are **not an exclusive list** of the Defendant's ADA violations. To determine all of the discriminatory acts violating the ADA, Plaintiff requires an inspection of the Defendant's place of public accommodation including the following tenants on the premises businesses.

18. The correction of these violations of the ADA is readily achievable and/or the Defendant is obligated to have its place of public accommodation readily accessible as defined by the ADA.

19. Plaintiff has retained the undersigned counsel and is obligated to pay reasonable attorney's fees including costs and expenses incurred in this action. Plaintiff is entitled to recover these attorney's fees, costs and expenses from the Defendant, pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

20. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26,1992 (or January 26,1993, if Defendant has ten or fewer employees and gross receipts of $ 500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

21. Plaintiff is without adequate remedy at law and is suffering irreparable harm now and continuing daily.

22. Pursuant to 42 U.S.C. 12188, this Court is provided authority to grant Plaintiff Injunctive Relief, including an order to alter the Defendant's facility to make those facilities readily accessible to the Plaintiff and all other persons with disabilities as defined by the

ADA; or by closing the facility either temporary or permanently until such time as the Defendant cures its violations of the ADA.

WHEREFORE, Plaintiff respectfully requests that this Court enters its order as follows:

    a. A temporary injunction and a permanent injunction providing for injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility ; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA.

    b. An award of attorney's fees, costs and litigation expense pursuant to 42 U.S.C. 12205.

    c. Such other and further relief as the Court deems just and equitable.

Respectfully Submitted,

**FISTEL & ROGATINSKY, LLP**
Trial Counsel for Plaintiff
103 N.E.4th Street
Fort Lauderdale, Florida 33301
(954) 522-1212 - Broward/TDD
(954) 522-1249- Fax

By: _____
Samuel Rogatinsky, Esquire
Florida Bar # 0021490

Date: 2/20/04